DAWKINS, J.
M. B.. Smith and others sued the Little Pine Lumber Company (hereinafter called defendant) upon claims for laborers’ wages, claiming lien and privilege on the sawmill plant, lumber, machinery, etc., of defendant. Geo. C. Vaughan & Sons, Inc. (hereinafter called intervener) intervened and asserted a special mortgage and privilege upon all of said property, except an automobile truck, the proceeds of which is the subject of this suit. By amended petition, intervener claimed a vendor’s lien on the truck. For reasons not necessary to mention, all issues between plaintiffs, intervener, and defendant have passed out of the case. Intervener’s petitions were not served on defendant, nor was it cited, but judgment was rendered in the former’s favor, recognizing its special mortgage, pledge, etc., and sustaining its alleged vendor’s lien upon the truck.
Thereafter intervener seized and advertised for sale all the property including the truck; whereupon third opponent appeared and attacked the existence in law and fact of the said vendor’s lien, and himself asserted a lien and privilege upon the. proceeds of the truck by virtue of a chattel mortgage and note for $4,000 duly recorded, upon which he claimed a balance of $448.55.
Intervener answered the opposition, alleging that all of the matters and things set up in the third opponents’ petition had been put at issue in the former proceeding between the intervener, the plaintiffs, and defendant, and that said vendor's lien had been judicially recognized, which judgment it pleaded as final, and averred that same could not be collaterally attacked by third opponent. Reserving the benefit of this plea, and answering further in the alternative, it averred that the alleged chattel mortgage was a fraudulent simulation to aid defendant in hiding its property from creditors; and, if not such, that it was void, because, to the knowledge of third opponent, the mortgagor was insolvent when it was given, which was done within less than three months before the latter’s failure.
The case went to trial, and the lower court sustained objections by the intervener to the evidence of third opponent, upon the ground that the said judgment rendered in intervener’s favor recognizing its vendor’s lien before third ‘ opponent became a party to the proceeding could not be attacked collaterally. Third opponent declined to proceed further with the trial, and there was judgment in favor of intervener and rejecting, third opponent’s demand. On appeal to the Court *905 of Appeal that ruling was reversed, and the cause remanded for introduction of opponent’s evidence. The case then came to this court on writ of certiorari, and the decision of the Court of Appeal was affirmed.
The case was again tried in the district court, opponent offered proof of his claim, chattel mortgage, etc., and further sought to prove that the sale of the truck had originally been made to the defendant, and that intervener had only furnished the money to pay for it. A part of this evidence was objected to and held inadmissible by the trial judge (who was not the same one that had first tried the case, but the other of the two who preside in that district), but, at the request of third opponent, permitted some evidence of this character to be introduced to be attached to a bill of exceptions; later this ruling was discontinued, and the proof excluded altogether. Judgment was again given in intervener’s favor, recognizing its vendor’s lien, and also in the opponent’s favor against the defendant and the indorsers of the note for the amount claimed.
The ease again went to the Court of Appeals and was reversed; that court held that, intervener had no vendor’s lien, using partly as the basis of its conclusion the evidence which had been ruled out and carried up by exceptions.
Application was again made to this court for writ of certiorari, and the matter is now before us for review.
Opinion.
The case was ordered up mainly on two allegations of the application, viz.: First, that it had been decided by only one judge of the Court of Appeal; and second, that it had been decided upon the evidence excluded by the trial court, without intervener having had an opportunity to rebut that proof, the contention being that it could.not have offered such evidence without waiving its objection which had been sustained..
[1] As to the first proposition, there is nothing in the record to sustain the allegation that only one judge participated in the decision of the case and refusal of the rehearing (no minutes or other proof appearing upon the subject), and we are bound to assume that the court acted in compliance with the- requirements of the Constitution under the maxim omnia rite acta praesumuntur. 10 R. C. L. 880, verbo “Evidence,” § 27.
[2] As to the second question, we concur with the finding of both the trial court and Court of Appeal that the third opponent made sufficient proof of his claim to sustain a judgment to that effect in his favor. This having been done, it then devolved upon intervener to prove a sale to defendant to support its alleged vendor’s lien, especially in view of the finding on the former appeal that there had been no citation of defendant in the original trial as to which third opponent was no party. The only evidence offered by intervener on this point was a contract of sale by the dealer to it of the truck in which a chattel mortgage was given to secure the credit portion of the purchase price, and the account against defendant in which the cash payment was first charged to it, and later, as they matured and were paid, the notes were charged. Otherwise, there was absolutely no proof of a sale by intervener to defendant, and the account, as indicated, instead of supporting the idea of sale, rather tended to refute it, for, if there had really been a sale, it seems logical that the Little Pine Lumber Company would have been charged with the truck, or its full price in one item, and not merely with the money as it was paid. In fact, the first item of $1,500, the cash portion of its price, was charged to defendant before the act of sale and chattel mortgage was given, which tends to sustain the position taken by. opponent that the transaction was one in which intervener merely advanced the money to pay for *908 the truck, and the sale was made direct to defendant. This is further corroborated by the fact that intervener had a written contract with defendant to advance it the money to operate its sawmill plant, in which a mortgage was given upon its plant and its output, and in the account originally sued upon the money advanced for the truck was included, and intervener sought judgment therefor under its said mortgage.
If there was any evidence in the record of a sale by intervener to defendant of the truck, we would be disposed to remand the case to the trial court to permit the introduction of evidence to rebut that which was brought up on the exception, as we do not think it would be proper to decide the matter upon evidence which has been excluded without that opportunity. In such circumstances, the party in whose favor the ruling is made has the right to rely upon the correctness of the court’s action until reversed, and should not be prejudiced thereby when the appellate court is of a different view. However, for the reason stated, that is, that intervener has introduced no proof to support its alleged vendor’s lien, we find it unnecessary to consider the evidence so ruled out, and therefore find no justification for such remanding of the case.
Eor the reasons assigned, the judgment is affirmed with cost.